## Charles Hammond, Exr., et al., Plffs. in Err., v. Robert S. McClure, Admr.

A judgment, by mistake declared of record to be for purchase money of land, binds, after the judgment debtor's death, a portion of the land in the hands of one who bought for value believing the record to be correct.

It is not a good defense on the part of such terretenant, in scire facias to revive the judgment, that this mistake misled him, and that had the judgment been in fact for purchase money it would have been paid out of land absorbed by the widow's exemption, without recourse to his land.

It seems that the collateral equities arising from the mistake could be interposed to affect an execution.

(Argued May 15, 1888.   Decided May 25, 1888.)

July Term 1887, No. 155, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Lancaster County to review a judgment for the plaintiff for want of a sufficient affidavit of defense in an action of scire facias to revive a judgment, November term ,1886, No. 39.   Affirmed.

This writ was issued by Robert S. McClure, administrator of the estate of John Martin, deceased, against Charles Hammond, executor of the will of William McGuigan, deceased, and Thomas Latta Russel, terretenant.

The plaintiff filed the usual affidavit of amount due.   The following affidavit of defense was filed:

Thomas Latta Russel, terretenant, being duly affirmed according to law, says:   That the said plaintiff should not have judgment to bind his real estate, for the reason that the same was conveyed by William McGuigan in his lifetime, when he was seised of other real estate, more than sufficient to pay the debt aforesaid and the same would now pay the debt aforesaid, provided Priscilla J. McGuigan, widow, could not recover her $300 exemption; that John Martin in his lifetime entered the judgment above as a purchase money judgment, when the same was not a

purchase money judgment, whereby he, Thomas Latta Russel, was deceived and exposed to lien, etc.; that to allow the revival of the judgment aforesaid, whereby the same should become a lien on him, Thomas Latta Russel, terretenant, would allow him, John Martin, his executors, administrators, and assigns to take advantage of his own wrong; that if the judgment aforesaid was a purchase money judgment, as put upon the record by him, John Martin, then Priscilla J. McGuigan could not claim her $300 as exemption against the judgment about to be revived then the debt or judgment aforesaid would be paid, and the terretenant could not be reached; that the jeopardy and hazard of collecting this debt against your petitioner, is solely the result of the misrepresentation made by him, John Martin, in his lifetime; that the conveyance to him, Thomas Latta Russel, was made by William McGuigan, defendant, on the 9th day of November, 1885, when he, William McGuigan, was seised of sufficient other real estate to make good this debt, and died seised of the same.

The court below, PATTERSON, J., entered judgment for the plaintiff, and this was assigned as error by the terretenant.

*Philip D. Baker* and *George A. Lane,* for terretenant, plaintiff in error.—The act of assembly of April 14, 1851, allowing the widow or children of any decedent dying, etc., to retain either real or personal property belonging to said estate to the value of $300 is not to affect or impair any lien for the purchase money of such real estate.

If the declaration made by John Martin in his lifetime, upon the face of the record, that the judgment now sought to be enforced as against Thomas Latta Russel was purchase money, was a true declaration, then the allowance to the widow of Wm. McGuigan could not have prevailed.

His declaration was false. The terretenant should not be prejudiced by this falsity.

*George Nauman,* for defendant in error.—Martin was no party to the sale to Russel; he was not cognizant of it, did nothing to induce the purchase, and he has a right to the security of his judgment.

He could have released all of McGuigan's remaining land and still retained the lien on Russel's. Snyder v. Crawford, 98

Pa. 414; Schoonover v. Pierce, 7 W. N. C. 93; Konigmaker v. Brown, 14 Pa. 274.

PER CURIAM:

There is nothing in Russel's affidavit of defense which exhibits a reason why the judgment should not be revived against his land. He bought the land with the lien upon it, and that that judgment was valid, and the consideration lawful, is not disputed. The mistake in setting forth that the consideration was purchase money is of no consequence, for if even that had been the fact, the status of the parties could not have been altered thereby. The collateral equities that might occur from that fact could not be interposed to prevent a revival of the judgment, but only to affect an execution.

Judgment affirmed.